```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

DAVID ALAN BECK,

            Plaintiff,

vs.                            Case No.   2:12-cv-328-FtM-29DNF

GLORIA JONES, Classification and KEN
CRUTTENDEN, Classification,

            Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff David Alan Beck, a pre-trial detainee[1] at the Charlotte County Jail who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 on June 19, 2012.  Plaintiff alleges violations of his constitutional rights stemming from his April 3, 2012 relocation to pod H-1 at the Charlotte County Jail.  Complaint at 1.  Plaintiff identifies the "H-1 pod" as the "lock down pod" and complains that there is no basketball hoop in the H-1 pod, and that the recreation yard is smaller in H-1 than in the other pods.  Id. at 8-9.  As relief, Plaintiff seeks "financial compensation" for "mental anguish pain and suffering."  Id. at 10.

---

[1] Based on Plaintiff's detention at the county jail, it appears Plaintiff is a pre-trial detainee.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276,

1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949.

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.  Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701.  The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II.

Liberally construing the Complaint, the Court finds that Plaintiff, as a pretrial detainee, is entitled to the protections of the Fourteenth Amendment.  Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it is well settled that the "applicable standard" of the Eighth Amendment is the same under the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Cottrell v. Caldwell, 85 F.3d 1480. 1490 (11th Cir. 1996).  Indeed, the Supreme Court has previously recognized that the Fourteenth Amendment rights of general population pretrial detainees are not any different than those of convicted prisoners.

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights. There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that

Case 2:12-cv-00328-JES-DNF Document 6 Filed 06/25/12 Page 5 of 7 PageID 39

>  are of general application. This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual.

Bell v. Wolfish, 441 U.S. 520, 545-46 (1979)(citations and internal quotations omitted).

To the extent Plaintiff raises issues with his classification status and placement in the H-1 pod, it is a long held axiom that "by virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." McKune v. Lile, 536 U.S. 24, 40 (2002)(citing Meachum v. Fano, 427 U.S. 215, 225 (1976) and Hewitt v. Helms, 459 U.S. 460. 467, n.4 (1983)).  A prisoner's classification level based on the institution's custodial classification system does not create a liberty interest because "the decision where to house inmates is at the core of prison administrators' expertise." McKune, 536 U.S. at 39.  Similarly, "an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before." West v. Higgins, 346 F. App'x 423, 426 (11th Cir. 2009)(citing McKune, 536 U.S. at 39-40).  See also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003)(citations omitted); Solliday v. Federal Officer, 413 F. App'x 206, 210 (11th Cir. 2011).  Thus, because Plaintiff does not have an established due process interest in his

-5-

classification and its corresponding restrictions, the Court finds that Defendants, as a matter of law, cannot be found to have violated Plaintiff's due process rights based on Plaintiff's relocation to the H-1 pod.

Further, to the extent Plaintiff is attempting to allege a conditions of confinement claim, the Court does not find that the lack of a basketball hoop and a small recreation yard in the H-1 pod amount to a constitutional deficiency. Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998); Hamm v. DeKalb County, 774 F.2d at 1576. The Constitution does not mandate comfortable prisons and even if Plaintiff is correct, a Constitutional violation is not established. Rhodes v. Chapman, 452 U.S. 337, 348 (1981).

Finally, to the extent Plaintiff requests monetary damages as relief, this action must be dismissed under § 1997e(e) because Plaintiff does not allege that he suffered any physical injury. Thus, Plaintiff is not entitled to any damages against the Defendants in their individual capacities pursuant to § 1997e(e).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint is **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**

    2.  The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, on this __25th__ day of June, 2012.

_____<br>
JOHN E. STEELE<br>
United States District Judge

SA: alj  
Copies: All Parties of Record